UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| **MICHAEL A. HOOPS,** : | Case No. |
| **6848 Laurelview Drive** : | |
| **Huber Heights, OH 45424** : | Judge |
| *as Administrator of the Estate of Jason* : | |
| *M. Hoops* : | |
| : | |
| **Plaintiff,** : | |
| v. : | **CIVIL COMPLAINT AND JURY** |
| : | **DEMAND** |
| **CITY OF KETTERING, OHIO** : | |
| **3600 Shroyer Rd.** : | |
| **Kettering, OH 45429** : | |
| : | |
| **and** : | |
| : | |
| **JONATHAN McCOY,** : | |
| **Kettering Police Department** : | |
| **3600 Shroyer Rd.** : | |
| **Kettering, OH 45429,** : | |
| *Individually and in his Official Capacity* : | |
| *as an employee of the City of Kettering,* : | |
| : | |
| **Defendants.** : | |
| : | |
| : | |
| : | |

## I. PRELIMINARY STATEMENT

1.  This civil rights action challenges as excessive force the shooting and killing of Jason M. Hoops by Kettering police officer Jonathan McCoy. Mr. Hoops was shot nine times on August 27, 2017. At the time of the shooting, Mr. Hoops was a passenger in a vehicle and did not pose a threat of harm to Officer McCoy or anyone else. The cause of the shooting was the overreaction and failure to follow proper police procedures by Officer McCoy. Plaintiff brings

1

this action in order to secure fair compensation and to deter future deaths and abuse of citizens by the Defendants.

## II. JURISDICTION

2. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4. Venue is proper in this Division.

## III. THE PARTIES

5. Plaintiff Michael A. Hoops is the father of Jason M. Hoops, who is deceased. He brings this suit as the Administrator of the Estate of Jason M. Hoops, having been appointed such by the Montgomery County Probate Court in Case No. 2018 EST 1390, for the benefit of the heirs.

6. Defendant Jonathan McCoy was at all times relevant to this action employed by the City of Kettering as a police officer and acting under color of law. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in both his individual and official capacities.

7. Defendant City of Kettering is a unit of local government organized under the laws of the State of Ohio. Defendant City of Kettering is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

## IV. FACTS

8. Jason Hoops was 33 years old in August 2017. He had four children. He cared for all of his children and was very involved in their lives.

9. August 27, 2017 was a pleasant late summer day. At around 6:30 p.m., Jason Hoops was a passenger in a mini-van being driven by a friend through a quiet residential neighborhood when Defendant McCoy conducted a traffic stop of the vehicle for an alleged equipment failure.

10. The driver dutifully pulled the vehicle to rest in a cul de sac where there was no danger to Defendant McCoy. Nevertheless, Defendant McCoy approached the vehicle on the passenger side and immediately engaged Jason Hoops in a conversation, demanding identification from Mr. Hoops.

11. During the conversation, Defendant McCoy noticed a handgun near Jason Hoops which Mr. Hoops carried for protection as he lived in a dangerous neighborhood.

12. Upon seeing the handgun, McCoy panicked and began shouting inconsistent, contradictory commands with which Mr. Hoops could not comply. Upon the failure of Mr. Hoops to comply with the incomprehensible commands, McCoy shot Hoops five times at close range.

13. After firing the first five shots, McCoy's panic escalated. He stepped back from the vehicle and again demanded that Hoops perform tasks he could not possibly perform, having been shot multiple times.

14. Upon Mr. Hoops' inability to comply with these commands as well, McCoy pumped another four shots into Mr. Hoops at close range.

15. Mr. Hoops died within minutes of the shooting.

38. The use of force by Defendant McCoy on Jason Hoops on August 27, 2017, was unreasonable and excessive and violated clearly established law.

39. Defendant City of Kettering's policies, practices, customs, and usages regarding the use of force was a moving force behind the excessive force used on Mr. Hoops by Defendant McCoy in this case.

40.     The training and supervision provided by the City of Kettering to Defendant McCoy was deliberately indifferent to the safety of citizens, including citizens such as Mr. Hoops, at risk of arrest by officers using tasers.

41.     The City of Kettering has not disciplined Defendant McCoy for the conduct set out in this complaint.

42.     The City of Kettering has ratified the conduct of Defendant McCoy set out in this complaint.  Specifically, the City refused after demand from the Hoops Family to turn the investigation of the death over to an independent entity so that an objective determination could be made whether the force was reasonable under the circumstances. Instead, the City conducted a flawed, incomplete and skewed investigation solely for the purpose of protecting McCoy.

43.     As a direct and proximate result of the conduct of Defendant McCoy and the City of Kettering, Jason Hoops suffered the loss of his life.

44.     As a further direct and proximate result of Jason Hoops's wrongful death, Mr. Hoops's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

### V. FIRST CAUSE OF ACTION- EXCESSIVE FORCE (42 U.S.C. § 1983)

45.     Defendants McCoy and Kettering have, under color of law, deprived Jason Hoops of rights, privileges, and immunities secured to him by the United States Constitution, including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution.

### VI. SECOND CAUSE OF ACTION – WRONGFUL DEATH

46. Defendants' actions caused the wrongful death of Jason Hoops resulting in damages recoverable under R.C. § 2125.02.

## VII. THIRD CAUSE OF ACTION – SPOLIATION OF EVIDENCE

47. Almost immediately after the death of Jason Hoops, the Hoops Family requested of the City that it determine which volley of shots caused Jason's death.

48. At the time of the request, the City was fully aware of imminent litigation from the Hoops Family.

49. The City willfully refused to order or conduct any examination to satisfy the Family's request, and Jason's body was destroyed before the determination could be made.

50. The City's conduct was for the purpose of disrupting Plaintiff's case.

51. Plaintiff's case was in fact disrupted.

52. As a direct and proximate result of the spoliation of evidence, Plaintiff has sustained the severe and permanent damages described herein.

WHEREFORE, Plaintiff requests that this Court award:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages;

C. Costs incurred in this action and reasonable attorney's fees;

D. Prejudgment interest;

E. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Konrad Kircher*
Konrad Kircher (0059249)

5

>Ryan J. McGraw (0089436)
>RITTGERS & RITTGERS
>12 E. Warren St.
>Lebanon, Ohio 45036
>(513) 932-2115
>(513) 934-2201 Facsimile
>konrad@rittgers.com
>ryan@rittgers.com

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.