# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION - DAYTON

| | | |
|---|---|---|
| **MICHAEL A. HOOPS,** | : | **Case No.  3:18-cv-392** |
| **6848 Laurelview Drive** | : | |
| **Huber Heights, OH 45424** | : | **Judge Thomas M. Rose** |
| *as Administrator of the Estate of Jason* | : | **Magistrate Judge Ovington** |
| *M. Hoops* | : | |
| | : | |
| **Plaintiff,** | : | **FIRST AMENDED** |
| **v.** | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| **CITY OF KETTERING, OHIO** | : | |
| **3600 Shroyer Rd.** | : | |
| **Kettering, OH 45429** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JONATHAN McCOY,** | : | |
| **Kettering Police Department** | : | |
| **3600 Shroyer Rd.** | : | |
| **Kettering, OH 45429,** | : | |
| *Individually and in his Official Capacity* | : | |
| *as an employee of the City of Kettering,* | : | |
| | : | |
| **and** | : | |
| | : | |
| **CHRISTOPHER N. PROTSMAN** | : | |
| **3600 Shroyer Road** | : | |
| **Kettering, Ohio 45429** | : | |
| *Individually and in his Official Capacity* | : | |
| *as Chief of the Kettering Police* | : | |
| *Department* | : | |
| | : | |
| **Defendants.** | : | |

## I. PRELIMINARY STATEMENT

1.      This civil rights action challenges as excessive force the shooting and killing of Jason

M. Hoops by Kettering police officer Jonathan McCoy.  Mr. Hoops was shot nine times on

August 27, 2017.  At the time of the shooting, Mr. Hoops was a passenger in a vehicle and did not

pose a threat of harm to Officer McCoy or anyone else. The cause of the shooting was the overreaction and failure to follow proper police procedures by Officer McCoy. Plaintiff brings this action in order to secure fair compensation and to deter future deaths and abuse of citizens by the Defendants.

## II. JURISDICTION

2.     Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3.     Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4.     Venue is proper in this Division.

## III. THE PARTIES

5.     Plaintiff Michael A. Hoops is the father of Jason M. Hoops, who is deceased. He brings this suit as the Administrator of the Estate of Jason M. Hoops, having been appointed such by the Montgomery County Probate Court in Case No. 2018 EST 1390, for the benefit of the heirs.

6.     Defendant Jonathan McCoy was at all times relevant to this action employed by the City of Kettering as a police officer and acting under color of law.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in both his individual and official capacities.

7.     Defendant City of Kettering is a unit of local government organized under the laws of the State of Ohio. Defendant City of Kettering is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

8.     Defendant Christopher N. Protsman ("Protsman") is the current Chief of Police of the Kettering Police Department. As the Chief, Protsman is a policy maker for the Kettering Police

2

Department. He is being sued in both his individual and official capacities. Protsman is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

## IV. FACTS

8.       Jason Hoops was 33 years old in August 2017.  He had four children.  He cared for all of his children and was very involved in their lives.

9.       August 27, 2017 was a pleasant late summer day. At around 6:30 p.m., Jason Hoops was a passenger in a mini-van being driven by a friend through a quiet residential neighborhood when Defendant McCoy conducted a traffic stop of the vehicle for an alleged equipment failure.

10.      The driver dutifully pulled the vehicle to rest in a cul de sac where there was no danger to Defendant McCoy. Nevertheless, Defendant McCoy approached the vehicle on the passenger side and immediately engaged Jason Hoops in a conversation, demanding identification from Mr. Hoops.

11.      During the conversation, Defendant McCoy noticed a handgun near Jason Hoops which Mr. Hoops carried for protection as he lived in a dangerous neighborhood.

12.      Upon seeing the handgun, McCoy panicked and began shouting inconsistent, contradictory commands with which Mr. Hoops could not comply. Upon the failure of Mr. Hoops to comply with the incomprehensible commands, McCoy shot Hoops five times at close range.

13.      After firing the first five shots, McCoy's panic escalated. He stepped back from the vehicle and again demanded that Hoops perform tasks he could not possibly perform, having been shot multiple times.

14.      Upon Mr. Hoops' inability to comply with these commands as well, McCoy pumped another four shots into Mr. Hoops at close range.

15.      Mr. Hoops died within minutes of the shooting.

16.     As a direct and proximate result of the conduct of Defendant McCoy, and as a direct and proximate result of the failures to supervise Defendant McCoy by Defendant Protsman and the Defendant City of Kettering, Jason Hoops suffered physical injury, pain and suffering, and ultimately death.

17.     As a further direct and proximate result of the actions of the Defendants, Jason Hoops' survivors, next of kin, and/or heirs have suffered permanent damages, including but not limited to grief, depression, and severe emotional distress. They have also lost economic and emotional support, incurred funeral bills and other expenses and will incur additional expenses and losses in the future.

## FIRST CAUSE OF ACTION - EXCESSIVE FORCE (42 U.S.C. § 1983)

18.     Plaintiff incorporates the previous allegations as if fully rewritten herein.

19.     At all relevant times to this action, Defendant McCoy was acting under color of law as an agent, servant, and employee of Protsman and the City of Kettering.

20.     The use of force by Defendant McCoy on Jason Hoops was unreasonable, excessive, and violated clearly established law.

21.     As a result, Jason Hoops was deprived of rights, privileges, and immunities secured to him by the U.S. Constitution, including but not limited to the right to be free of excessive force and unreasonable searches and seizures set forth in the Fourth Amendment to the U.S. Constitution.

## SECOND CAUSE OF ACTION – FAILURE TO TRAIN

22.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

23.     At all times relevant to this action, the City of Kettering and Protsman were responsible for making government policy and for oversight of the functions and duties of the Kettering Police Department.

24.     The City of Kettering and Protsman failed to establish adequate training programs in order to properly train his officers and employees to carry out their official duties in effectuating lawful seizures, searches, arrests, detentions of its citizens, and for using reasonable force against citizens.

25.     The City of Kettering and Protsman's failures to adequately train their police officers, such as Officer McCoy amounted to deliberate indifference to the fact that inaction would obviously result in the violation of its citizens' Fourth Amendment rights to be free unreasonable and excessive force.

26.     The City of Kettering and Protsman's failure to adequately train the Kettering police officers, including McCoy, was a moving force behind the excessive force used on Jason Hoops.

27.     As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Jason Hoops was deprived of rights, privileges, and immunities secured to him by the U.S. Constitution, including but not limited to the right to be free of excessive force and unreasonable searches and seizures.

**THIRD CAUSE OF ACTION – INADEQUATE SUPERVISION**

28.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

29.     At all times relevant to this action, the City of Kettering and Protsman were responsible for making government policy and for oversight of the functions of the Kettering Police Department.

30.     At all times relevant to this action, Protsman was afforded supervisory oversight of officers of the Kettering Police Department, including McCoy by the City of Kettering.

5

31.    Protsman failed to adequately supervise the Kettering Police Department officers and employees, including but not limited to McCoy, in carrying out his official duties when utilizing force against citizen.

32.    The failure on behalf of these Defendants to adequately supervise its police officers and employees, like McCoy amounted to deliberate indifference to the fact that inaction would obviously result in the violation of citizens', including Jason Hoops, Fourth Amendment rights to be free from unreasonable searches and seizures and excessive force.

33.    As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Jason Hoops was deprived of rights, privileges, and immunities secured to him by the U.S. Constitution, including but not limited to the right to be free of excessive force and unreasonable searches and seizures.

## FOURTH CAUSE OF ACTION - RATIFICATION

34.    Plaintiff incorporates his previous allegations as if fully rewritten herein.

35.    At all times relevant to this action, the City of Kettering and Protsman were responsible for making government policy and for oversight of the functions of the Kettering Police Department.

36.    The City of Kettering and Protsman knew or should have known that there were significant concerns about McCoy's conduct following the shooting of Jason Hoops.

37.    Despite these concerns, the City of Kettering and Protsman have ratified the conduct of Defendant McCoy set out in this complaint.

38.    Specifically, the City of Kettering and Protsman refused, after demand from the Hoops Family, to turn the investigation of the death over to an independent entity so that an objective determination could be made whether the force was reasonable under the circumstances.

39.     Instead, the City conducted a flawed, incomplete and skewed investigation solely for the purpose of protecting McCoy.

40.     As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Jason Hoops was deprived of rights, privileges, and immunities secured to him by the U.S. Constitution, including but not limited to the right to be free of excessive force and unreasonable searches and seizures.

## FIFTH CAUSE OF ACTION – WRONGFUL DEATH

41.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

42.     Defendants' actions caused the wrongful death of Jason Hoops resulting in damages recoverable under R.C. § 2125.02.

## SIXTH CAUSE OF ACTION – SPOLIATION OF EVIDENCE

43.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

44.     Almost immediately after the death of Jason Hoops, the Hoops Family requested of the City that it determine which volley of shots caused Jason's death.

45.     At the time of the request, the City was fully aware of imminent litigation from the Hoops Family.

46.     The City willfully refused to order or conduct any examination to satisfy the Family's request, and Jason's body was destroyed before the determination could be made.

47.     The City's conduct was for the purpose of disrupting Plaintiff's case.

48.     Plaintiff's case was in fact disrupted.

49.     As a direct and proximate result of the spoliation of evidence, Plaintiff has sustained the severe and permanent damages described herein.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in excess of $75,000, jointly and severally, for compensatory damages to be proved at trial, punitive damages because the actions of Defendants were malicious and intended to cause Plaintiff severe harm, reasonable attorney's fees, costs and all other relief to which he may be lawfully entitled.

Respectfully submitted,

/s/ Konrad Kircher
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using the Court's CM/ECF System and served on all parties of record using that system this 20th day of March, 2019.

/s/ Konrad Kircher
Konrad Kircher (0059249)