UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **MICHAEL A. HOOPS,** | : | CASE NO. 3:18-cv-00392 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| **CITY OF KETTERING, OHIO, et al.** | : | |
| Defendants. | : | |

### DEFENDANTS' ANSWER WITH JURY DEMAND

For their Answer to the Plaintiff's Complaint, Defendants, City of Kettering, Jonathan McCoy, and Christopher Protsman, set forth the following defenses:

### FIRST DEFENSE

1. Defendants initially object to Plaintiff's "Preliminary Statement" set forth as paragraph 1 of Plaintiff's complaint (as well as numerous other paragraphs in the complaint), because the said paragraph(s) is not compliant with Rules 8(a)(1) or 10(b) of the Federal Rules of Civil Procedure.  Defendants expressly deny any and all allegations contained in paragraph 1 of Plaintiff's complaint.

2. Paragraphs 2, 3 and 4 of Plaintiff's complaint set forth legal conclusions to which no answer is required.  To the extent that an answer is deemed necessary, Defendants admit that the incidents alleged in Plaintiff's complaint, all allegations of which are denied, occurred in Kettering, Ohio.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in paragraphs 5 and 8 (2nd) of the Plaintiff's Complaint, and the said averments are therefore denied.

1

4.	In response to paragraph 6 of Plaintiff's complaint, Defendants admit that Officer Jonathan McCoy was employed by the City of Kettering as a police officer and acting under color of law at all times pertinent to Plaintiff's complaint.  To the extent that Plaintiff seeks to define Officer McCoy as a "person" under 42 U.S.C. 1983, it is unclear whether Plaintiff's reference is to the first or second use of that word in the statute, but Defendants expressly deny that Officer McCoy has denied any "person" of "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

5.	In response to paragraph 7 of Plaintiff's complaint, Defendants admit that the City of Kettering is a unit of local government organized under the laws of the State of Ohio and that it is a political subdivision of the State of Ohio.  Defendants expressly deny the remaining allegations in the said paragraph.

6.	In response to the first paragraph 8 of the Plaintiff's complaint, Defendants admit that Christopher Protsman is the current Chief of Police of the Kettering Police Department.  Defendants expressly deny the remaining allegations in the said paragraph.

7.	In response to paragraphs 9, 10, 11, 12, 13, 14, 15, 23, 29, 30, and 35 of Plaintiff's complaint, the factual allegations have been drafted in such a flowery or embellished way and/or include mischaracterizations of fact such that the Defendants are unable to reasonably respond to any particular allegations.  Defendants admit that: Officer McCoy pulled over a vehicle on August 27, 2017; Officer McCoy had probable cause to conduct a traffic stop; Officer McCoy requested identification from the passengers; the passenger later determined to be Hoops declined to provide identification; McCoy observed a handgun on Hoops; and that Hoops failed to follow instructions to keep his hands away from the weapon.  Defendants expressly deny any and all remaining allegations in the said paragraphs.

8. Defendants specifically deny the averments contained in paragraphs 16, 17, 20, 21, 24, 25, 26, 27, 31, 32, 33, 36, 37, 38, 39, 40, 42, 44, 45, 46, 47, 48, and 49 of the Plaintiff's Complaint.

9. In response to paragraph 19 of Plaintiff's complaint, Defendants admit that Officer McCoy was acting within the course and scope of his employment with the City of Kettering at all times relevant to the Plaintiff's complaint. Defendants specifically deny all allegations contained in the said paragraph.

10. To the extent that paragraphs 18, 22, 28, 34, 41, and 43 of Plaintiff's Complaint reincorporate other allegations of the complaint, Defendants reincorporate and reassert any and all admissions, denials or qualifications to those specific paragraphs herein

11. Defendants specifically deny that Plaintiff is entitled to the relief requested.

12. Defendants specifically deny each and every other averment contained in Plaintiff's Complaint not heretofore expressly admitted to be true.

## SECOND DEFENSE

13. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

14. At all times pertinent to Plaintiff's complaint, Defendants acted lawfully, properly, in good faith and with due probable and proper cause.

## FOURTH DEFENSE

15. Parts of the Plaintiff's Complaint may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

16. Plaintiff has failed to join proper and indispensable parties to this action as required by Rules 17, 19 of the Federal Rules of Civil Procedure, including but not limited to any

spouse, minor children, and/or other "next of kin" of the decedent, as defined by Ohio law.

## SIXTH DEFENSE

17. All Plaintiff's claims are barred by sovereign immunity, absolute immunity, official immunity, qualified immunity, and/or statutory immunity pursuant to federal and state law.

## SEVENTH DEFENSE

18. All Plaintiff's claims are barred and/or precluded by the direct acts, errors and omissions of Jason M. Hoops in accordance with and pursuant to the affirmative defense of comparative and/or contributory negligence.

## EIGHTH DEFENSE

19. Plaintiff's injuries and damages, if any were in fact sustained, were caused by independent, intervening and/or superseding acts of negligence, and Plaintiff is therefore barred from recovering against the Defendants.

## NINTH DEFENSE

20. Plaintiff's injuries and damages, if any were in fact sustained, were caused by other persons, firms, entities or conditions over which the Defendants had no ownership, responsibility or control.

## TENTH DEFENSE

21. Plaintiff has failed to mitigate any damages as required by law.

## ELEVENTH DEFENSE

22. At all times pertinent to Plaintiff's complaint, Defendants had a reasonable belief in the lawfulness of their conduct with no intentional, reckless or other disregard or foreseeability of a deprivation of any rights of any person.

**TWELFTH DEFENSE**

23. Defendants acted at all times relevant herein in the good faith discharge of their official and lawful duties and their acts are thus absolutely privileged.

**THIRTEENTH DEFENSE**

24. Plaintiff has engaged in the spoliation of evidence, which bars any and all claims of relief against Defendants.

**FOURTEENTH DEFENSE**

25. Plaintiff's claim for punitive damages is barred by the provisions of the United States Constitution, the Ohio Constitution, and other applicable statutes and common law.

**FIFTEENTH DEFENSE**

26. At all relevant times, Defendant Jonathan McCoy was engaged in the course and scope of his employment and his actions, all Plaintiff's allegations of which are specifically denied, are, therefore, privileged and he is entitled to immunity from the Plaintiff's claims.

**SIXTEENTH DEFENSE**

27. All Plaintiff's claims are subject to elimination and/or reduction pursuant to Revised Code § 2744.05.

**SEVENTEENTH DEFENSE**

28. Plaintiff's claims are barred by the doctrines of primary assumption of the risk, implied assumption of the risk, and/or express assumption of the risk.

**EIGHTEENTH DEFENSE**

29. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or consent.

**NINETEENTH DEFENSE**

30. Plaintiff's claims are barred by the doctrines of *res judica*, collateral estoppel,

issue preclusion and/or claim preclusion.

## TWENTIETH DEFENSE

31. At all times pertinent to Plaintiff's complaint, Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio Statutory Provisions, and all state and local laws relative thereto.

## TWENTY-FIRST DEFENSE

32. In addition to immunity defenses already asserted, Defendant Jonathan McCoy is absolutely and/or qualifiedly immune from suit under both federal and state law.

## TWENTY-SECOND DEFENSE

33. At all times pertinent to Plaintiff's complaint, Defendants acted in self-defense and in defense of others.

## TWENTY-THIRD DEFENSE

34. Any use of force by Defendants was reasonable, necessary, justified, and in good faith.

## TWENTY-FOURTH DEFENSE

35. Plaintiff did not suffer any damage attributable to any act or omission of Defendants and/or any of Defendants' officials, employees, and/or agents and that any damages alleged, all allegations of which are denied, are attributable to causes other than any acts or omissions of Defendants.

## TWENTY-FIFTH DEFENSE

36. At all times pertinent to Plaintiff's complaint Defendants were performing their duties in a manner consistent with the exigent circumstances that emerged or existed at the time. Any actions by Defendant were reasonable and proper based upon the exigent circumstances that existed at the time.

**TWENTY-SIXTH DEFENSE**

37. The municipal defendant is not liable for any act or omission exercising due care in the execution or enforcement of state law, because public entities are not liable for any claim for which its officers, employees or agents are immune from liability.

**TWENTY-SEVENTH DEFENSE**

38. No policy, practice or custom carried out by Defendant, or promulgated by any policy maker of Defendants existed and/or served to deprive Plaintiff of a constitutional right.

**TWENTY-EIGHTH DEFENSE**

39. Defendants allege that they are entitled to the rights, privileges, and immunities afforded to them pursuant to the provisions of Chapter 2744 of the Ohio Revised Code.

**TWENTY-NINTH DEFENSE**

40. Plaintiff's action may be barred by the doctrines set forth in *Heck v. Humphries*.

**THIRTIETH DEFENSE**

41. Plaintiff's addition of a claim against Chief Protsman in his individual capacity is entirely without basis under the law or facts reasonably known to the plaintiff.

**THIRTY-FIRST DEFENSE**

42. Plaintiff's addition of a claim against Chief Protsman in his official capacity is duplicative of the claim against the City of Kettering and should be dismissed.

**THIRTY-SECOND DEFENSE**

43. Defendants expressly reserve the right to amend this Answer and to assert any additional defenses that may come to light as the discovery in this matter proceeds.

WHEREFORE, Defendants, City of Kettering, Jonathan McCoy, and Christopher Protsman hereby demand that the Plaintiff's complaint be dismissed and that judgment be entered in their favor, together with the costs of suit.

Respectfully submitted,

SUBASHI & WILDERMUTH

/s/ Tabitha Justice
Nicholas E. Subashi (0033953), Trial Counsel
nsubashi@swohiolaw.com
Tabitha Justice (0075440), Trial Co-Counsel
tjustice@swohiolaw.com
50 Chestnut Street, Suite 230
Dayton, Ohio 45440
(937) 427-8800
(937) 427-8816 (fax)
*Attorneys for Defendants*

## JURY DEMAND

Now come Answering Defendants and hereby demand a trial by jury as to all issues raised herein.

/s/ Tabitha Justice
Tabitha Justice (0075440)

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
konrad@rittgers.com
ryan@rittgers.com
*Trial Attorneys for Plaintiff*

/s/ Tabitha Justice
Tabitha Justice (0075440)